IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02885-BNB

WINSTON D. MADDOX,

     Plaintiff,

v.

STATE OF COLORADO,
WILLIAM RITTER, Governor, and
ARI ZAVARAS, Exec. Dir. CDOC,

     Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**FEB 0 3 2010**

GREGORY C. LANGHAM
CLERK

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Winston D. Maddox, currently resides in Atlanta, Georgia. He filed *pro se* a complaint for money damages in which he fails to allege jurisdiction pursuant to any statutory authority. He also filed a motion for leave to proceed pursuant to 28 U.S.C. § 1915, the federal *in forma pauperis* statute, and was granted leave to proceed pursuant to § 1915.

The Court must construe the complaint liberally because Mr. Maddox is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Maddox will be directed to file an amended complaint.

Mr. Maddox alleges that he was a prisoner in the custody of the Colorado Department of Corrections (DOC) who was incarcerated at the Buena Vista Correctional Facility from November 2008 until March 2009. He generally alleges that

he received less-than-humane treatment during his Colorado incarceration.  He complains he was denied basic toiletries for two weeks, a telephone call to his family in Georgia to notify them of his transfer until he contacted the supervisor for his case manager, and stamps for the two envelopes he was given.  He speculates that staff suggestions for him to borrow toiletries or stamps until he was paid or received funds from an external source encouraged him to barter, a disciplinary violation.  Mr. Maddox makes these allegations as background for his case, but fails to assert any specific claims.

Mr. Maddox is suing improper parties.  He may not sue the State of Colorado. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The Eleventh Amendment applies to all suits against the state, and its agencies, regardless of the relief sought.  *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003).

2

Mr. Maddox must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Maddox must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant, such as Colorado governor, William Ritter, or DOC executive director, Ari Zavaras, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Maddox may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Maddox uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The amended complaint Mr. Maddox will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed

3

to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Maddox to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Maddox, therefore, will be directed to file an amended complaint that contains a short and plain statement of the statutory grounds for the Court's jurisdiction, states his claims, asserts what, if any, constitutional rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Winston D. Maddox, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

4

FURTHER ORDERED that the clerk of the Court mail to Mr. Maddox, together with a copy of this order, two copies of the Court-approved Complaint form to be used in submitting the amended complaint.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that if Mr. Maddox fails to file an amended complaint within the time allowed, the complaint and the action will be dismissed without further notice.

DATED February 3, 2010, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02885-BNB

Winston D. Maddox
149 Elysian Way NW
Atlanta, GA 30327

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Coomplaint** to the above-named individuals on___2/3/10___

                              GREGORY C. LANGHAM, CLERK

                              By: _____
                                        Deputy Clerk